MB

**FILED**

MAR 0 5 2010 **NF**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAVON PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| HOLLIS DORROUGH JR., in his individual | ) | JURY TRIAL DEMANDED |
| capacity, KEITH PRICE, in his individual | ) | |
| capacity, ERIC KELLOGG, in his individual | ) | |
| capacity, JONATHAN COOK, in his individual | ) | |
| capacity, REGINALD HARRIS, in his | ) | |
| individual capacity, SAM WHITE, in his | ) | |
| individual capacity, as-of-yet other unknown | ) | |
| employees of the City of Harvey, in their | ) | |
| individual capacities, and the | ) | |
| CITY OF HARVEY, a municipality, | ) | |
| | | |
| Defendants. | | |

10cv1491
Judge Samuel Der-Yeghiayan
Magistrate Michael T. Mason

**COMPLAINT**

NOW COMES the Plaintiff, JAVON PATTERSON, by and through the Law Offices of

RM STEPHENSON, LLC, and his attorney, HOLLY BLAINE, and complains of Defendants

HOLLIS DORROUGH JR., in his individual capacity, KEITH PRICE, in his individual

capacity, ERIC KELLOGG, in his individual capacity, JONATHAN COOK, in his individual

capacity, REGINALD HARRIS, in his individual capacity, as-of-yet unknown employees of the

City of Harvey, in their individual capacities, SAM WHITE, in his individual capacity, and the

CITY OF HARVEY, a municipality.  In support thereof, Plaintiff states as follows:

**Introduction**

1. This is a civil action brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and

Illinois state law to redress deprivations under color of state law of the Plaintiff's rights as

secured by the Constitution of the United States of America and the law of the State of Illinois.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a)(3). This Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b). All events occurred within the Northern District of Illinois. Upon information and belief, all parties to the case reside within the Northern District of Illinois.

**Parties**

4. Plaintiff JAVON PATTERSON ("Plaintiff") is a U.S. citizen who resides in Harvey, Illinois.

5. Defendant HOLLIS DORROUGH JR. ("Detective Dorrough") is a former employee of the City of Harvey Police Department. At all times relevant to this Complaint, DORROUGH was employed by and acted within the scope of his employment as a duly appointed police officer of the Harvey Police Department and under color of state law.

6. Defendant ERIC KELLOGG ("Mayor Kellogg") is the present mayor of the Defendant CITY OF HARVEY ("City"). At all times relevant to this Complaint, Kellogg was employed by and acted within the authority of the City as its duly elected mayor and under color of state law.

7. Defendant KEITH PRICE ("Alderman Price") is an alderman of the City. At all times relevant to this Complaint, Price was employed by and acted within the authority of the City as a duly elected alderman and under color of state law.

8. Defendant JONATHAN COOK ("Officer Cook") is a present or former employee of the City of Harvey Police Department. At all times relevant to this Complaint, Officer Cook was employed by and acted within the scope of his employment as a duly appointed police officer of the Harvey Police Department and under color of state law.

9. Defendant REGINALD HARRIS ("Officer Harris") is a present or former employee of the City of Harvey Police Department. At all times relevant to this Complaint, Officer Cook was employed by and acted within the scope of his employment as a duly appointed police officer of the Harvey Police Department and under color of state law.

10. Defendant SAM WHITE ("Commander White") is a present or former employee of the City of Harvey Police Department. At all times relevant to this Complaint, Commander White was employed by and acted within the scope of his employment as the duly appointed Commander of the Harvey Police Department and under color of state law.

11. Defendant CITY OF HARVEY is a municipal corporation organized under the laws of the State of Illinois. The City is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injuries occasioned thereby. The City is or was the employer of all other defendants, known and unknown. As the mayor and chief executive officer of the City, Defendant ERIC KELLOGG is a final policymaker for the City.

### Facts

12. On or about January 26, 2006, Javon Patterson was living in Calumet City, Illinois. He was approached by an acquaintance, Willie Lloyd III, who told Mr. Patterson that he was working for Detective Hollis Dorrough Jr. of the Harvey Police Department and that he knew where Detective Dorrough kept a large quantity of cocaine.

3

13. Mr. Lloyd told Mr. Patterson that he intended to steal the cocaine and asked Mr. Patterson to act as a lookout. Mr. Patterson declined, telling Mr. Lloyd that he was on parole and was trying to straighten his life out. He also told Mr. Lloyd that stealing from Detective Dorrough was extremely dangerous and that he should abandon his plan.

14. On or about February 14, 2006, approximately three weeks after their initial conversation, Mr. Lloyd returned to Mr. Patterson's house with a backpack. He showed Mr. Patterson a large quantity of cocaine that he had stolen from Detective Dorrough and offered to give Mr. Patterson a kilo if Mr. Patterson would help him cook it into crack cocaine. Mr. Patterson again declined, telling Mr. Lloyd that he wanted no part of the scheme and that he should put the cocaine back before Detective Dorrough discovered it was missing.

15. On or about March 7, 2006, approximately three weeks after Mr. Lloyd came to Mr. Patterson's house with the stolen cocaine, Detective Dorrough and Ald. Keith Price came to Mr. Patterson's home.

16. Detective Dorrough said that he knew Mr. Patterson had his stolen cocaine and that if it was not returned, Detective Dorrough would "put a case" on Mr. Patterson.

17. Mr. Patterson told Detective Dorrough and Ald. Price that he did not have the cocaine, but they did not believe him. They threatened Mr. Patterson and his family and reminded Mr. Patterson if he did not return the cocaine they would "put a case" on him. Mr. Patterson understood Detective Dorrough's threat to mean that he would be arrested and charged with something he did not do.

18. On or about March 28, 2006, Mr. Patterson went to his Case Management Life Skills Group at Spotlight Reentry Program where his teacher, Mr. Hunt, noticed that he was visibly distracted and upset. Mr. Hunt asked Mr. Patterson to stay and speak with him after class.

19. Mr. Patterson told Mr. Hunt about the conversation between himself, Detective Dorrough and Ald. Price, and stated that he and his family had been threatened if he did not return the cocaine.

20. Mr. Hunt informed Mr. Briggs, his supervisor, of the conversation with Mr. Patterson. Mr. Briggs contacted Mr. Patterson and learned that Mr. Patterson had a deadline to comply with Detective Dorrough's threat or Mr. Patterson and his family would be in danger of physical harm or arrest.

21. Mr. Briggs encouraged Mr. Patterson to contact his parole agent for his own welfare and the welfare of his family. Both Mr. Briggs and Mr. Hunt made time-stamped notes of these conversations in the Spotlight Reentry Center's case management data system.

22. Mr. Briggs contacted both of Mr. Patterson's supervising Parole Agents regarding his concern for Mr. Patterson's safety.

23. On March 28, 2006, Mr. Patterson received a call from his parole agent asking him to come in for a meeting. Mr. Patterson met with the parole agent, who contacted the Federal Bureau of Investigation.

24. Mr. Patterson met with two FBI agents, one of whom is Special Agent James P. Roache.

25. After interviewing Mr. Patterson and learning of the threats made to him, the agents asked Mr. Patterson to wear an electronic recording device to capture his conversations with Detective Dorrough and Ald. Price.

26. Mr. Patterson told Special Agent Roache he was too afraid to wear the device.

27. One of the FBI agents told Mr. Patterson that they had been watching Detective Dorrough and that they knew he had been to Mr. Patterson's home.

28. The next day, the same FBI agents came to Mr. Patterson's home to have him view a photo line-up. Mr. Patterson identified Detective Dorrough's picture.

29. The FBI agents repeated their request for Mr. Patterson to wear an electronic recording device, which he again declined, out of fear for his safety.

30. The FBI agents told Mr. Patterson that they knew Detective Dorrough would "put a case on him" and tried to convince him to cooperate with their investigation.

31. On April 8, 2006, Willie Lloyd III was found in an alley in the 15700 block of Paulina Avenue in Harvey Illinois. He had been shot in the neck and was pronounced dead at 9:55 pm. This case, classified as a homicide, remains unsolved.

32. On April 24, 2006, Mr. Patterson was arrested by Officers Harris and Cook in the vicinity of 146th and Clinton in Harvey, Illinois.

33. Officers Harris and Cook acted at the direction of Detective Dorrough and Mayor Kellogg in effecting the arrest of Mr. Patterson.

34. Officers Harris and Cook did not have a warrant for Mr. Patterson's arrest.

35. At the time of his arrest, Mr. Patterson was helping his neighbor, Arlene Atwater, remove packages from her car when he was approached by Officer Harris of the Harvey Police Department. Within minutes, Officer Cook joined Officer Harris.

36. At the time of his arrest, Mr. Patterson was breaking no laws. The officers handcuffed and conducted three pat-down searches of Mr. Patterson.

37. Ms. Atwater, who was approximately three and a half feet away from Patterson, and could see Mr. Patterson's pocket from her vantage point, observed the officers recover only loose papers and money.

38. Atwater did not see the officers remove a gun from Mr. Patterson's pocket.

6

39. Latonya Patterson, Mr. Patterson's sister, was also present at the time of the arrest. Ms. Patterson, who was approximately 15-20 feet away from Mr. Patterson and observed the officers remove only papers and money from Mr. Patterson's pockets.

40. Ms. Patterson did not see the officers remove a gun from Mr. Patterson's pocket.

41. Mr. Patterson was then transported to the Harvey Police Station.

42. Mr. Patterson was placed in an interrogation room, where he was questioned by Detective Dorrough and Mayor Eric Kellogg.

43. Mayor Kellogg and Detective Dorrough informed Patterson that they knew Willie Lloyd stole their cocaine and brought it to Mr. Patterson's home. Detective Dorrough and Mayor Kellogg repeatedly asked him the whereabouts of their cocaine.

44. Mr. Patterson responded that he did not have their cocaine.

45. Mayor Kellogg said, "Nigger, where's my fucking cocaine."

46. Mayor Kellogg then told Mr. Patterson that he had to leave the city of Harvey and never come back. Mayor Kellogg said he would frame Mr. Patterson for murder if he ever returned to Harvey.

47. After Mayor Kellogg left, Detective Dorrough took Mr. Patterson to another room and left for several hours. Mr. Patterson fell asleep and was awakened by another officer coming into the room to tell him he was being charged and taken to the jail at Markham. He later discovered he was being charged as an armed habitual criminal.

48. Officers Harris and Cook prepared and filed an arrest report in which they falsely accused Mr. Patterson of possession of a firearm.

49. Officers Harris, Cook, Commander White, or other as-of-yet unknown officers,

under the direction of Mayor Kellogg and Detective Dorrough, signed a complaint under oath

against Mr. Patterson falsely charging him with a criminal offense, thereby initiating criminal

proceedings against Mr. Patterson.

50. Officers Harris, Cook, or other as-of-yet unknown officers, failed to reveal the

falsity of their allegations against Mr. Patterson to the Cook County State's Attorney's Office.

51. On or about May 15, 2006, upon information and belief, at a preliminary hearing

in Mr. Patterson's criminal case, neither arresting officer appeared to testify.

52. Mr. Patterson was held over in Stateville Correctional Center on a violation of

mandatory supervised release.

53. On August 10, 2006, Detective Hollis Dorrough Jr. was arrested and charged with

one count of official misconduct, four counts of obstruction of justice, unlawful sale of a firearm

to a felon, and perjury in connection with the removal of a handgun from evidence in a 2005 case

and his act of returning it to a suspect's father prior to the suspect's trial.

54. The suspect, convicted felon Anthony T. Reynolds, had been arrested for

brandishing the handgun in question at another Harvey Police officer.

55. At Detective Dorrough's trial, Durrough testified that he removed the handgun

from evidence and returned it to the suspect's father at the direction of Mayor Eric Kellogg.

56. On November 17, 2006, during a pretrial suppression hearing and bench trial in

the case of People v. Patterson, No. 06 CR 13933, in the Circuit Court of Cook County, Illinois,

Officers Cook and Harris testified under oath that they recovered a handgun from Mr. Patterson

when they searched him on April 24, 2006.

57. Mr. Patterson was represented by private counsel in this matter.

58. Officers Cook and Harris testified falsely at that suppression hearing and bench

trial.

59. During the suppression hearing, Arlene Atwater testified under oath that she was present on April 24, 2006 when Mr. Patterson was arrested by Officers Cook and Harris, and that the officers never recovered a handgun during their search of Mr. Patterson. Her testimony was stipulated to at trial.

60. During the suppression hearing, Latonya Patterson testified under oath that she was present on April 24, 2006 when Mr. Patterson was arrested by Officers Cook and Harris, and that the officers never recovered a handgun during their search of Mr. Patterson. Her testimony was stipulated to at trial.

61. Mr. Patterson was found guilty by the court, and on February 20, 2007, Mr. Patterson was sentenced to six years of incarceration in the Illinois Department of Corrections.

62. On May 16, 2008, the Illinois Appellate Court, First District, in Appeal No. 1-07-0990, reversed Patterson's conviction as an Armed Habitual Criminal, outright. The Appellate Court found that Officers Harris and Cook lacked probable cause to arrest Mr. Patterson.

63. On October 2, 2008, during the pendency of the State's Petition for Leave to Appeal, the Illinois Supreme Court granted Mr. Patterson's motion for bond.

64. On or about October 21, 2008, Mr. Patterson was transferred from Menard Correctional Center to the Cook County Department of Corrections.

65. On or about November 24, 2008, Mr. Patterson was released from the Cook County Department of Corrections on an appeal bond.

66. On November 26, 2008, the Illinois Supreme Court denied the State's Petition for Leave to Appeal.

67. On December 5, 2008, the FBI raided the offices of the Harvey Police

Department after arresting five Harvey Police Officers in late November 2008.

68. The officers were arrested for allegedly providing protection to undercover FBI agents posing as drug dealers. Their cases are currently pending in this Court.

69. On March 10, 2009, the Cook County State's Attorney's Office dismissed all charges against Mr. Patterson.

70. On August 28, 2009, a former Harvey police deputy marshal and a reserve police officer were arrested on drug charges as part of an FBI investigation into law-enforcement corruption in Harvey, for allegedly running drugs for and selling weapons to a Chicago narcotics dealer.

71. On August 13, 2009, a jury convicted Detective Dorrough of two counts of official misconduct, one count of perjury, and one count of unlawful sale of a firearm. The court sentenced him to three years in the Illinois Department of Corrections on September 10, 2009.

72. Subsequently, Detective Dorrough plead guilty to aggravated unlawful use of a weapon, and received a consecutive three-year sentence in the Illinois Department of Corrections.

73. On January 13, 2010, the Circuit Court of Cook County granted Mr. Patterson a Certificate of Innocence pursuant to 735 Ill. Comp. Stat. 5/2-702, in connection with criminal case number 06 CR 13933.

### Count I – Section 1983 Claim for

### Violation of Due Process (*Newsome* Claim)

74. Mr. Patterson incorporates by reference paragraphs 1–73.

75. While acting individually, jointly, and in conspiracy under color of state law,

Defendants falsely charged or caused Mr. Patterson to be charged with the offenses in case number 06 CR 13933, and effected the wrongful continuation of that case, on the basis of fabricated evidence.

76. Defendants violated Mr. Patterson's right to due process, protected under the Fifth and Fourteenth Amendments of the U.S. Constitution, by willfully and wantonly withholding material exculpatory evidence from the prosecution and the court before and during Mr. Patterson's trial, by fabricating evidence, suborning the perjury of Officers Cook and Harris, and by testifying falsely about the recovery of a firearm from Mr. Patterson on April 24, 2006.

      a. The evidence was favorable to Mr. Patterson because of its exculpatory and impeaching nature.

      b. The evidence was suppressed willfully.

      c. Prompt disclosure of the evidence would have altered the prosecution's decision to proceed with the charges against Mr. Patterson and to go to trial.

77. Defendants' misconduct was undertaken with malice, willfulness, and reckless indifference to the rights and innocence of Mr. Patterson.

78. Defendants' actions directly and proximately resulted in denial of Mr. Patterson's right to a fair trial and his subsequent wrongful incarceration for nearly two and a half years, costs incurred in his trial defense, as well as attendant injuries including but not limited to loss of wages, emotional damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

WHEREFORE, Plaintiff JAVON PATTERSON demands judgment jointly and severally against HOLLIS DORROUGH JR. in his individual capacity, KEITH PRICE in his individual

capacity, ERIC KELLOGG in his individual capacity, JONATHAN COOK in his individual

capacity, REGINALD HARRIS in his individual capacity, SAM WHITE in his individual

capacity, as-of-yet unknown employees of the City of Harvey, in their individual capacities, and

the CITY OF HARVEY for damages in excess of the jurisdictional amount of $75,000, including

but not limited to actual and compensatory damages; punitive damages against all Defendants in

their individual capacity; attorney's fees and costs; trial counsel's fees and costs, pre and post

judgment interest, and any and all other relief to which he may be entitled, in an amount deemed

at the time of trial to be just, fair, and appropriate.

## Count II – Section 1983 Claim for Unlawful Arrest
## and Detention in Violation of the Fourth Amendment

79. Mr. Patterson incorporates by reference paragraphs 1–73.

80. While acting individually, jointly, and in conspiracy under color of state law,

Defendants falsely arrested Mr. Patterson without probable cause, misrepresented evidence to

prosecutors, initiated criminal proceedings based on false evidence, and withheld exculpatory

evidence from prosecutors and the trial court.

81. Defendants' actions violated Mr. Patterson's right under the Fourth and Fourteenth

Amendments to the U.S. Constitution to be free from unlawful searches, seizures, and detention.

82. Defendants' actions directly and proximately resulted in Mr. Patterson's wrongful

incarceration for nearly two and a half years, trial counsel's costs and fees, as well as attendant

injuries including but not limited to loss of wages, emotional damage and trauma, humiliation,

damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

WHEREFORE, Plaintiff JAVON PATTERSON demands judgment jointly and severally

against HOLLIS DORROUGH JR. in his individual capacity, KEITH PRICE in his individual

capacity, ERIC KELLOGG in his individual capacity, JONATHAN COOK in his individual

capacity, REGINALD HARRIS in his individual capacity, SAM WHITE in his individual

capacity, as-of-yet unknown employees of the City of Harvey, in their individual capacities, and

the CITY OF HARVEY for damages in excess of the jurisdictional amount of $75,000, including

but not limited to actual and compensatory damages; punitive damages against all Defendants in

their individual capacity; attorney's fees and costs; trial counsel's costs and fees, pre and post

judgment interest, and any and all other relief to which he may be entitled, in an amount deemed

at the time of trial to be just, fair, and appropriate.

### Count III – Conspiracy to Violate § 1983

83. Mr. Patterson incorporates by reference paragraphs 1–73.

84. While acting under color of state law, Defendants reached an agreement to violate

Mr. Patterson's constitutional rights, protected under the Fourth, Fifth, and Fourteenth

Amendments.

85. While acting under color of state law, Defendants committed acts in furtherance of

the conspiracy, including but not limited to: falsely arresting Plaintiff; falsely charging or

causing Plaintiff to be charged with the offenses in case No. 13933; fabricating evidence against

Plaintiff; testifying falsely in support of the criminal proceedings; and withholding material

exculpatory evidence from prosecutors and the trial court.

86. Defendants conspiracy directly and proximately caused the deprivation of Mr.

Patterson's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, resulting

in Mr. Patterson's wrongful incarceration for nearly two and a half years, costs incurred in his

trial defense, as well as attendant injuries including but not limited to loss of wages, emotional

was not supported by probable cause.

92. Defendants instituted and continued the proceedings maliciously, willfully and wantonly, and in callous disregard for Mr. Patterson's rights and his actual innocence by fabricating evidence and reports, giving false testimony, suborning perjury, and withholding material exculpatory evidence from the trial court and the prosecution.

93. The prosecution terminated in Mr. Patterson's favor when the Circuit Court of Cook County awarded Mr. Patterson a Certificate of Innocence.

94. Defendants' actions directly and proximate resulted in Mr. Patterson's wrongful incarceration for nearly two and a half years, cost of trial defense, as well as attendant injuries including but not limited to loss of wages, emotional damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

95. The malicious prosecution was committed by state actors operating under color of state law.

96. Mr. Patterson was deprived of his Fourth Amendment liberty interest.

WHEREFORE, Plaintiff JAVON PATTERSON demands judgment jointly and severally against HOLLIS DORROUGH JR. in his individual capacity, KEITH PRICE in his individual capacity, ERIC KELLOGG in his individual capacity, JONATHAN COOK in his individual capacity, REGINALD HARRIS in his individual capacity, SAM WHITE in his individual capacity, as-of-yet unknown employees of the City of Harvey, in their individual capacities, and the CITY OF HARVEY for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; punitive damages against all Defendants in their individual capacity; attorney's fees and costs; trial counsel's fees and costs, pre and post

judgment interest, and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

### Count V – Section 1983 *Monell* Claim

97. Mr. Patterson incorporates by reference paragraphs 1–73.

98. Mr. Patterson alleges Count V against Defendant CITY OF HARVEY only.

99. Defendant ERIC KELLOGG is a final policymaker for the City.

100. Acting under color of state law and within the scope of his office and employment as mayor of the City, Mayor Kellogg knowingly, willfully and wantonly, recklessly, or with deliberate indifference and callous disregard of Mr. Patterson's rights instituted, directly caused, or was the moving force behind the institution of false criminal charges against Mr. Patterson, the continuation of those proceedings, suborning the perjury of Officers Cook and Harris, and withholding material exculpatory evidence from prosecutors and the trial court in case number 06 CR 13933.

101. The City and its supervisors directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, or wanton conduct of its officers and employees as described in this Complaint, and adopted by attribution their actions as an official policy or custom.

102. The City's policy or custom directly and proximately caused the deprivation of Mr. Patterson's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, resulting in Mr. Patterson's wrongful incarceration for nearly two and a half years, costs incurred in his trial defense, as well as attendant injuries including but not limited to loss of wages, emotional damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

WHEREFORE, Plaintiff JAVON PATTERSON demands judgment against the CITY OF HARVEY for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; attorney's fees and costs; trial defense fees and costs; pre and post judgment interest; and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

### Count VI – Malicious Prosecution

103. Mr. Patterson incorporates by reference paragraphs 1–73.

104. While acting individually, jointly, and in conspiracy, Defendants instituted, caused to be instituted, and perpetuated criminal proceedings against Mr. Patterson for the offenses contained in case number 06 CR 13933.

105. Mr. Patterson was subjected to a judicial proceeding in case number 06 CR 13933 in the Circuit Court of Cook County, Illinois.

106. The initiation and the continuation of the prosecution in the above-referenced case was not supported by probable cause.

107. Defendants instituted and continued the proceedings maliciously, willfully and wantonly, and in callous disregard for Mr. Patterson's rights and his actual innocence by fabricating evidence and reports, giving false testimony, suborning perjury, and withholding material exculpatory evidence from the trial court and the prosecution.

108. The prosecution terminated in Mr. Patterson's favor when the Circuit Court of Cook County awarded Mr. Patterson a Certificate of Innocence.

109. Defendants' actions directly and proximately resulted in Mr. Patterson's wrongful incarceration for nearly two and a half years, cost of trial defense, as well as attendant injuries

17

including but not limited to loss of wages, emotional damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

WHEREFORE, Plaintiff JAVON PATTERSON demands judgment jointly and severally against HOLLIS DORROUGH JR. in his individual capacity, KEITH PRICE in his individual capacity, ERIC KELLOGG in his individual capacity, JONATHAN COOK in his individual capacity, REGINALD HARRIS in his individual capacity, SAM WHITE in his individual capacity, as-of-yet unknown employees of the City of Harvey, in their individual capacities, and the CITY OF HARVEY for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; punitive damages against all Defendants in their individual capacity; attorney's fees and costs; trial counsel's fees and costs, pre and post judgment interest, and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

### Count VII – Abuse of Process

110. Mr. Patterson incorporates by reference paragraphs 1–73.

111. While acting individually, jointly, and in conspiracy, Defendants filed or caused to be filed a criminal complaint charging Mr. Patterson with the offenses in case number 06 CR 13933.

112. Defendants initiated the proceedings in the above-referenced matter for the unlawful purpose of coercion, extortion, or retribution.

113. In furtherance of Defendants' unlawful purpose, Defendants fabricated reports, testimony, and other evidence, as well as suborning perjury, in order to convict Mr. Patterson of a crime he did not commit.

18

114. Defendants' willful and wanton actions directly and proximate resulted in Mr. Patterson's wrongful incarceration for nearly two and a half years, costs and fees of trial defense, as well as attendant injuries including but not limited to loss of wages, emotional damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

WHEREFORE, Plaintiff JAVON PATTERSON demands judgment jointly and severally against HOLLIS DORROUGH JR. in his individual capacity, KEITH PRICE in his individual capacity, ERIC KELLOGG in his individual capacity, JONATHAN COOK in his individual capacity, REGINALD HARRIS in his individual capacity, SAM WHITE in his individual capacity, as-of-yet unknown employees of the City of Harvey, in their individual capacities, and the CITY OF HARVEY for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; punitive damages against all Defendants in their individual capacity; attorney's fees and costs; trial counsel's fees and costs, pre and post judgment interest, and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

### Count VIII – Intentional Infliction of Emotional Distress

115. Mr. Pattersons incorporate by reference paragraphs 1–73.

116. While acting individually, jointly, and in conspiracy, Defendants caused Mr. Patterson severe emotional distress by

  a. arresting him in front of friends and family members in public view;

  b. charging him with a crime he did not commit and that the Defendants knew was false;

19

    c.  subjecting Mr. Patterson to threats, intimidation, interrogation, wrongful

prosecution, and wrongful incarceration.

117. Defendants intended to inflict severe emotional distress or knew that there was a

high probability that their conduct would cause severe emotional distress.

118. Defendants' willful and wanton conduct was extreme and outrageous.

119. Defendants' actions directly and proximately caused injuries including but not

limited to emotional damage and trauma, humiliation, damage to personal and professional

reputation, and mental distress and anguish.

WHEREFORE, Plaintiff JAVON PATTERSON demands judgment jointly and severally

against HOLLIS DORROUGH JR. in his individual capacity, KEITH PRICE in his individual

capacity, ERIC KELLOGG in his individual capacity, JONATHAN COOK in his individual

capacity, REGINALD HARRIS in his individual capacity, SAM WHITE in his individual

capacity, as-of-yet unknown employees of the City of Harvey, in their individual capacities, and

the CITY OF HARVEY for damages in excess of the jurisdictional amount of $75,000, including

but not limited to actual and compensatory damages; punitive damages against all Defendants in

their individual capacity; attorney's fees and costs; trial counsel's fees and costs; pre and post

judgment interest; and any and all other relief to which he may be entitled, in an amount deemed

at the time of trial to be just, fair, and appropriate.

### Count IX – Conspiracy to Violate State Law

120. Mr. Patterson incorporates by reference paragraphs 1–73.

121. Defendants reached an agreement among themselves to maliciously prosecute Mr.

Patterson, to abuse process of law, and to intentionally inflict severe emotional distress on Mr.

Patterson.

122. Defendants committed acts in furtherance of the conspiracy, including but not limited to: falsely arresting Mr. Patterson; falsely charging Mr. Patterson with the offenses in case number 06 CR13933; fabricating evidence against Mr. Patterson; falsely instituting criminal proceedings against Mr. Patterson; testifying falsely in support of the criminal proceedings; suborning perjury; and withholding material exculpatory evidence from prosecutors and the trial court.

123. Defendants' conspiracy directly and proximately resulted in Mr. Patterson's wrongful incarceration for nearly two and a half years, trial counsel's fees and costs, as well as attendant injuries including but not limited to loss of wages, emotional damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

WHEREFORE, Plaintiff JAVON PATTERSON demands judgment jointly and severally against HOLLIS DORROUGH JR. in his individual capacity, KEITH PRICE in his individual capacity, ERIC KELLOGG in his individual capacity, JONATHAN COOK in his individual capacity, REGINALD HARRIS in his individual capacity, SAM WHITE in his individual capacity, as-of-yet unknown employees of the City of Harvey, in their individual capacities, and the CITY OF HARVEY for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; punitive damages against all Defendants in their individual capacity; attorney's fees and costs; trial counsel's fees and costs; pre and post judgment interest; and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

## Count X – Indemnification

124. Mr. Patterson incorporates by reference paragraphs 1–73 and Counts I–IX.

21

125. Mr. Patterson alleges Count V against Defendant CITY OF HARVEY only.

126. In committing the acts alleged in this Complaint, Defendants were at all times employed by and/or officers of the CITY OF HARVEY, and were acting as the agents of the CITY OF HARVEY, and within the scope of their employment.

127. In committing the actions alleged in this Compliant, the Defendants acted in violation of statutory or constitutional law.

128. Under 745 Ill. Comp. Stat. 10/9-102, public entities are directed to indemnify their employees for any and all tort judgments for damages for which their employees are liable.

129. As a direct and proximate cause of Defendants' willful and wanton actions, Mr. Patterson suffered injuries including but not limited to loss of wages, trial defense cost and fees, emotional damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

WHEREFORE, Plaintiff JAVON PATTERSON demands judgment against the CITY OF HARVEY for damages adjudged against the other Defendants in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; attorney's fees and costs; trial counsel's fees and costs; pre and post judgment interest; and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

### **Jury Demand**

130. Mr. Patterson demands trial by jury on all claims for which he is entitled to trial by jury.

WHEREFORE, Plaintiff JAVON PATTERSON demands judgment jointly and severally against HOLLIS DORROUGH JR. in his individual capacity, KEITH PRICE in his individual

capacity, ERIC KELLOGG in his individual capacity, JONATHAN COOK in his individual capacity, REGINALD HARRIS in his individual capacity, SAM WHITE in his individual capacity, as-of-yet unknown employees of the City of Harvey, in their individual capacities, and the CITY OF HARVEY for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; punitive damages against all Defendants in their individual capacity; attorney's fees and costs; trial counsel's fees and costs; pre and post judgment interest; and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

Respectfully submitted,

Holly Blaine
Law Offices of RM STEPHENSON
1029 Lake Street
Suite 202
Oak Park, Illinois
(708) 434-1267
info@rmstephenson.com
Attorney for the Plaintiff

Dated:

23