# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1491 | **DATE** | 10/28/2010 |
| **CASE TITLE** | Javon Patterson vs. Hollis Dorrough, Jr., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendants' motions to dismiss [30], [32] are granted in part and denied in part.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Defendant City of Harvey's, Defendant Keith Price's (Price), Defendant Eric Kellogg's (Kellogg), Defendant Jonathan Cook's (Cook), and Defendant Sam White's (White) (collectively referred to as "Harvey Defendants") motion to dismiss. This matter is also before the court on Defendant Detective Hollis Dorrough Jr.'s (Dorrough) motion to dismiss.

Plaintiff Javon Patterson (Patterson) alleges that in January 2006, he was asked by an individual (Individual) to assist the Individual in stealing certain cocaine (Cocaine). Patterson contends that, although he refused to help the Individual, the Individual proceeded to steal the Cocaine. According to Patterson, certain Defendants subsequently came looking for the Cocaine and demanded that Patterson return the Cocaine. Certain Defendants also allegedly threatened to frame Patterson for a crime if he did not return the Cocaine. In addition, Patterson alleges that Defendants conspired to falsely accuse him of a crime and that Patterson was wrongfully arrested and prosecuted. Patterson further alleges that certain Defendants provided false information in order to further the criminal prosecution against Patterson. Finally, Patterson contends that his conviction was eventually overturned on appeal.

Patterson includes in his complaint claims alleging violations of his due process rights brought

**STATEMENT**

pursuant to 42 U.S.C. § 1983 (Section 1983) (Count I), Section 1983 unlawful arrest and detention claims (Count II), Section 1983 conspiracy claims (Count III), Section 1983 malicious prosecution claims (Count IV), a Section 1983 *Monell* claim (Count V), state law malicious prosecution claims (Count VI), abuse of process claims (Count VII), intentional infliction of emotional distress (IIED) claims (Count VIII), state law conspiracy claims (Count IX), and indemnification claims (Count X). Harvey Defendants move to dismiss Counts II-IV, VI-VII, and IX, as to certain Harvey Defendants. Dorrough moves to dismiss Counts I-IV, and VI-IX.

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

I. Section 1983 Unlawful Arrest and Detention Claims (Count II)

Defendants argue that Patterson has failed to state valid Section 1983 unlawful arrest and detention claims against Kellogg, Price, Dorrough, or White. Defendants contend that Patterson has not alleged sufficient facts to plausibly suggest that Defendant Reginald Harris (Harris) and Cook lacked probable cause to arrest Patterson. Patterson has alleged that there was a conspiracy to frame him because he would not return the Cocaine and that Harris and Cook arrested him when he was breaking no law. (Compl. Par. 36, 85). Thus, Patterson has alleged sufficient facts to plausibly suggest that Harris and Cook lacked probable cause to arrest and detain him.

Defendants also contend that Patterson has failed to allege that Price, Dorrough, or White had sufficient involvement in the alleged wrongful arrest and detention of Patterson. However, Patterson alleges that Price went to Patterson's home with Dorrough in search of the missing Cocaine and was present when Dorrough made a threat to frame Patterson for a crime he did not commit. (Compl. Par. 16-17). These facts

**STATEMENT**

tie Dorrough and Price to the alleged recovery efforts of the Cocaine and alleged conspiracy to arrest and detain Patterson for a crime he did not commit. *See Miller v. Village of Dolton*, 1995 WL 137051, at *5 (N.D. Ill. 1995)(stating that "[a]s a practical matter, proof of a civil conspiracy broadens the scope of liability under § 1983 to include individuals who were part of a conspiracy but did not act directly to deprive a plaintiff of his or her constitutional rights"). Patterson also alleges that Harris and Cook arrested Patterson "at the direction of" Dorrough and Kellogg. (Compl. Par. 33). In regard to White, however, Patterson merely alleges that White signed the criminal complaint against Patterson. (Compl. Par. 49). Patterson has not alleged sufficient facts to suggest that White was a part of the alleged conspiracy. Therefore, we deny the motion to dismiss the Section 1983 unlawful arrest and detention claims brought against Kellogg, Price, Cook, and Dorrough, and we grant the motion to dismiss the Section 1983 unlawful arrest and detention claims brought against White.

II. Section 1983 and State Law Conspiracy Claims (Counts III and IX)

Defendants contend that Patterson has failed to state valid Section 1983 conspiracy claims or state law conspiracy claims. Defendants contend that Patterson has done nothing more than provide conclusory allegations of a conspiracy, which is insufficient to state a claim. To the contrary, Patterson has set forth a series of facts that provide the details of the alleged conspiracy, and, other than White, each Defendant's alleged involvement and acts in furtherance of the conspiracy. Patterson has also provided facts concerning the time periods of the alleged conspiracy. (Compl. Par. 15, 23, 32, 56). Although Patterson does not allege that all Defendants were directly involved in every part of the conspiracy, there are sufficient facts to tie all Defendants, other than White, to the conspiracy, and from which one can infer a common understanding on the part of such Defendants and an agreement among such Defendants. *See Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002)(stating that "it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with"). Therefore, we deny the motion to dismiss the Section 1983 conspiracy claims and state law conspiracy claims brought against Kellogg, Price, Cook, and Dorrough and we grant the motion to dismiss the Section 1983 conspiracy claims and state law conspiracy claims brought against White.

**STATEMENT**

III. Section 1983 Malicious Prosecution Claims (Count IV)

Defendants move to dismiss the Section 1983 malicious prosecution claims, arguing that a Section 1983 malicious prosecution claim has not been recognized as a viable cause of action. In *Parish v. City of Chicago*, 594 F.3d 551 (7th Cir. 2009), the Seventh Circuit considered the holding in *Wallace v. Kato*, 549 U.S. 384 (2007), and indicated that a Section 1983 malicious prosecution claim premised on the Fourth Amendment is not a viable claim. *Id.* at 554. Illinois law provides Patterson with a remedy for malicious prosecution, and thus Patterson has no such constitutional claim. *See Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001)(stating that "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution"). We also note that Patterson cannot base a Section 1983 claim relating to malicious prosecution on any "*Brady*-type" violation, since Patterson has alleged he had knowledge of the alleged misconduct in this case. *Parish*, 594 F.3d at 553 (referring to the possibility of a "*Brady*-type due process claim"). Therefore, we grant Defendants' motion to dismiss the Section 1983 malicious prosecution claims (Count IV).

IV. State Law Malicious Prosecution and Abuse of Process Claims (Counts VI-VII)

Defendants contend that Patterson has failed to state valid state law malicious prosecution claims or abuse of process claims against Price or Dorrough, arguing that there are no allegations of direct involvement by Price or Dorrough in the arrest or prosecution of Patterson. However, as explained above, there are sufficient allegations to tie Dorrough and Price to the alleged conspiracy to frame Patterson for a crime he allegedly did not commit. Such facts are sufficient to state valid state law malicious prosecution and abuse of process claims against Dorrough and Price. *Miller*, 1995 WL 137051, at *5. Therefore, we deny Defendants' motion to dismiss the state law malicious prosecution claims and the abuse of process claims brought against Dorrough and Price.

**STATEMENT**

V. Section 1983 Due Process Claim (Count I)

Dorrough argues that Patterson has failed to state a valid Section 1983 due process claim against Dorrough. Dorrough contends that there are no allegations that he was specifically involved in the prosecution of Patterson. However, as indicated above, Patterson has alleged sufficient facts to tie Dorrough to the alleged conspiracy, which involved the alleged wrongful arrest and prosecution of Patterson. Therefore, we deny Dorrough's motion to dismiss the Section 1983 due process claim brought against him.

VI. Intentional Infliction of Emotional Distress Claim (Count VIII)

Dorrough moves to dismiss the IIED claim brought against him. Dorrough admits that he is accused of telling Patterson to return the Cocaine or else he would "put a case" on Patterson, but Dorrough contends that such conduct, even if true, would not be extreme and outrageous conduct. (Dor. Dis. 14). If, as alleged, Dorrough went to Patterson's residence in his capacity as a police officer, demanded that Patterson return illegal drugs that Patterson did not even possess, and threatened to frame Patterson for a crime, such conduct could constitute extreme and outrageous conduct. Therefore, we deny the motion to dismiss the IIED claim brought against Dorrough.

Based on the foregoing, we grant the motion to dismiss all claims brought against White. We also grant the motion to dismiss all Section 1983 malicious prosecution claims. We deny the motion to dismiss the Section 1983 unlawful arrest and detention claims, the Section 1983 conspiracy claims, the state law conspiracy claims, the state law malicious prosecution claims, and the abuse of process claims brought against Kellogg, Price, Cook, and Dorrough. Finally, we deny Dorrough's motion to dismiss the Section 1983 due process claim and the IIED claim brought against him.