IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAVON PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 1491 |
| | ) | |
| HOLLIS DORROUGH, JR., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Counter-Defendant Javon Patterson's (Patterson) and Counter-Defendant Robert M. Stephenson's (Stephenson) motions to dismiss the counterclaim. For the reasons stated below, we grant the motions to dismiss.

## BACKGROUND

Patterson alleges that in January 2006, he was asked by an individual (Individual) to assist the Individual in stealing certain cocaine (Cocaine). Patterson contends that, although he refused to help the Individual, the Individual proceeded to steal the Cocaine. According to Patterson, certain Defendants subsequently came looking for the Cocaine and demanded that Patterson return the Cocaine. Certain

1

Defendants also allegedly threatened to frame Patterson for a crime if he did not return the Cocaine. In addition, Patterson alleges that Defendants conspired to falsely accuse him of a crime and that Patterson was wrongfully arrested and prosecuted. Patterson further alleges that certain Defendants provided false information in order to further the criminal prosecution against Patterson. Finally, Patterson contends that his conviction was eventually overturned on appeal.

Patterson included in his complaint claims alleging violations of his due process rights brought pursuant to 42 U.S.C. § 1983 (Section 1983) (Count I), Section 1983 unlawful arrest and detention claims (Count II), Section 1983 conspiracy claims (Count III), Section 1983 malicious prosecution claims (Count IV), a Section 1983 *Monell* claim (Count V), state law malicious prosecution claims (Count VI), abuse of process claims (Count VII), intentional infliction of emotional distress (IIED) claims (Count VIII), state law conspiracy claims (Count IX), and indemnification claims (Count X).

Defendant City of Harvey, Defendant Keith Price (Price), Defendant Eric Kellogg (Kellogg), Defendant Jonathan Cook (Cook), and Defendant Sam White (White) (collectively referred to as "Harvey Defendants") moved to dismiss Counts II-IV, VI-VII, and IX, as to certain Harvey Defendants. Defendant Detective Hollis Dorrough Jr. (Dorrough) moved to dismiss Counts I-IV and VI-IX.

The court granted the motion to dismiss all claims brought against White. The court also granted the motion to dismiss all Section 1983 malicious prosecution claims. In addition, the court denied the motion to dismiss the Section 1983 unlawful

arrest and detention claims, the Section 1983 conspiracy claims, the state law conspiracy claims, the state law malicious prosecution claims, and the abuse of process claims brought against Kellogg, Price, Cook, and Dorrough. Finally, the court denied Dorrough's motion to dismiss the Section 1983 due process claim and the IIED claim brought against him.

Kellogg, Price, and Cook subsequently filed a counterclaim against Patterson and Stephenson, who is one of Patterson's attorneys in the instant action. The counterclaim includes a defamation *per se* claim brought against Patterson (Count I), a defamation *per se* claim brought against Stephenson (Count II), a defamation *per quod* claim brought against Patterson (Count III), and a defamation *per quod* claim brought against Stephenson (Count IV). Counter-Defendants now move to dismiss all claims in the counterclaim, arguing that the claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) for lack of subject matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)) for failure to state a valid claim for relief.

**LEGAL STANDARD**

Rule 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any

3

other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946. For the purpose of determining subject matter jurisdiction, this court "'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129

4

S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

**DISCUSSION**

I. Lack of Subject Matter Jurisdiction

Counter-Defendants argue that this court lacks subject matter jurisdiction over the claims in the counterclaim. Counter-Plaintiffs contend that this court has supplemental jurisdiction over the state law claims that are included in the counterclaim. (CC Par. 1). Pursuant to 28 U.S.C. § 1367(a), with limited exceptions, a federal court has supplemental jurisdiction "in any civil action of which the district courts have original jurisdiction, . . . over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* Two claims are deemed to be a "part of the same case or controversy if they derive from a common nucleus of operative facts." *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007)(internal quotations omitted)(stating that "[t]he somewhat narrower 'same transaction or occurrence' test that was used before the adoption of § 1367 no longer governs").

In the instant action, Patterson alleges in his complaint that he was questioned

5

and arrested in 2006 and was convicted of a crime in February 2007. (Compl. Par. 12-61). Patterson also contends that he appealed his conviction and that in November 2008, he was released on an appeal bond. (Compl. Par. 65). Patterson further alleges that in March 2009, the Cook County State's Attorney's Office dismissed all charges against Patterson. (Compl. Par. 69). In the counterclaim, Counter-Plaintiffs allege that Patterson and Stephenson made "false allegations" about Counter-Plaintiffs "that are contained in . . . Patterson's complaint." (CC Intro). Counter-Plaintiffs also allege that false statements were made by Patterson and Stephenson "outside the present litigation to third parties through publication to the press and through various Internet postings and blogs. . . ." (CC Intro). Counter-Plaintiffs further allege that after Patterson's release from prison, Price eventually learned that "Patterson intended to file a case" and that Patterson then "in his civil complaint" made "defamatory allegations and statements. . . ." (CC Par. 17, 18, 20). Counter-Plaintiffs also contend that, despite Stephenson's knowledge of the falsity of certain statements, Stephenson "stated publically that prior to bringing . . . Patterson's Complaint, . . . Stephenson verified the allegations made in the Complaint. . . ." (CC Par. 30). It is apparent from the allegations in the counter-claim that the counterclaim is premised on circumstances involved when Patterson was released from prison, the charges against him were dismissed, and he hired Stephenson to bring the instant action. Those circumstances are entirely separate and distinct from those at issue in the complaint involving Patterson's alleged interrogation, arrest, and detention.

The Seventh Circuit has indicated that "[a] loose factual connection between the claims is generally sufficient" for supplemental jurisdiction. *Sanchez*, 503 F.3d at 614 (internal quotations omitted)(quoting *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). However, regardless of whether Patterson and Stephenson actually made the alleged defamatory statements in regard to the instant action brought against Counter-Plaintiffs, there is no loose factual connection that would provide this court with supplemental jurisdiction over the claims in the counterclaim. The counterclaim involves an entirely separate set of operative facts than those involved in deciding whether Defendants are liable for their actions relating to Patterson's arrest, conviction, and imprisonment. Whether or not Stephenson made comments to the media or whether Patterson posted a statement on the internet about the allegations in this case is not related to whether the facts alleged by Patterson in the underlying case involving an unlawful arrest and detention are true.

It is true that a resolution on issues such as whether Defendants in fact violated Patterson's constitutional rights may shed light on whether the statements alleged in the complaint were false and defamatory. However, Counter-Plaintiffs cannot premise their defamation claims upon statements made in the complaint or these court proceedings. *See Giant Screen Sports v. Canadian Imperial Bank Of Commerce*, 553 F.3d 527, 532 (7th Cir. 2009)(indicating that a defamation claim must be premised on an unprivileged communication); *Oberth v. Kirth*, 2006 WL 3743712, at *4 (N.D. Ill. 2006)(explaining the attorney litigation privilege).

7

Counter-Plaintiffs rely upon the holding in *MJ & Partners Restaurant Ltd. Partnership v. Zadikoff*, 126 F. Supp.2d 1130 (N.D. Ill. 1999). (Ans. 3-4). In contrast, *MJ & Partners* is not controlling precedent and is distinguishable from the instant action. In *MJ & Partners*, the court concluded that "[t]he claims and counterclaims involve the same individuals and companies and the same basic subject matter." 126 F. Supp.2d at 1134. However, in the instant action, whether, for example, Defendants violated Patterson's constitutional rights and whether Patterson later made statements on the internet when he decided to bring a lawsuit for constitutional violations does not involve the same subject matter. The factual inquiry for each matter will be separate and distinct. Thus, the instant action is distinguishable from *MJ & Partners*.

There would not be any benefit to judicial economy to have two entirely separate disputes tried together, and fairness and judicial efficiency warrant granting the motion to dismiss. Counter-Plaintiffs have failed to show that the claims in the counterclaim involve the same case or controversy as in the claims brought in the complaint, and Counter-Plaintiffs therefore have not shown that this court has supplemental subject matter jurisdiction over the counterclaim. Therefore, the motions to dismiss are granted pursuant to Rule 12(b)(1).

## CONCLUSION

Based on the foregoing analysis, the motions to dismiss the counterclaim are granted.

```
                                    _____
                                    Samuel Der-Yeghiayan
                                    United States District Court Judge
```

Dated: May 12, 2011